IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGARITA HERNANDEZ,

    Plaintiff,

vs.                                  Civ. No. 97-178 MV\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

1.  This matter comes before the Court upon Plaintiff's Motion for Reversal of Administrative Decision or, in the Alternative, a Remand of Said Decision, filed April 10, 1998. The Commissioner denied Plaintiff's request for supplemental security income benefits. Plaintiff alleges a disability due to status post cervical fusion and untreated hypertension. Tr. 26.

2.  The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3.  The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  **Id**. (citation omitted).

   4.  Plaintiff raises the following allegations of error with respect to the ALJ's decision:  1) the ALJ failed to properly consider the medical reports produced by Dr. Kelley and the Chaves County Community Health Center (CCCHC); 2) the ALJ erroneously dismissed the Plaintiff's inability to pay for patches used in applying a transcutaneous nerve stimulator (TNS) unit; 3) the ALJ erred by disregarding statements in medical reports of constant or chronic pain; 4) the ALJ gave undue weight to statements by Plaintiff's treating physician, Dr. Paullus; and 5) the ALJ did not fairly and fully the develop the record.

   5.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  **Id**. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  To determine disability, the Commissioner has established a five step sequential evaluation process.  **Id**.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  **Id**. (citations omitted).  Step four of the sequential evaluation process is at issue in this case.  At step four, the claimant must demonstrate that she cannot perform her past relevant work.  20 C.F.R. §416.920.

   6.  The Plaintiff argues first that the ALJ failed to properly consider medical reports produced by Dr. Kelley and CCCHC, the clinic where Dr. Kelley worked. As a preliminary matter, the Plaintiff characterizes Dr. Kelley and the staff at CCCHC as treating physicians. A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it.  **Goatcher v. Dep't of Health & Hum. Serv.**, 52 F.3d 288, 289 (10th Cir. 1995)

(citing **Frey v. Bowen**, 816 F.3d 508, 513 (10th Cir. 1987). Dr. Kelley saw the Plaintiff on one occasion for her alleged pain. Tr. 133. The only other two times the Plaintiff visited CCCHC for her alleged pain, she was seen by a physician's assistant and then by another physician. Tr. 141-42. These short term visits do not support the Plaintiff's "treating physician" characterization.

      7. With that in mind, I will discuss the ALJ's consideration of the reports made by Dr. Kelley and the other staff at CCCHC. The ALJ noted in his decision that "treatment notations provided by Dr. Kelley indicated only sporadic problems with neck pain with only slightly decreased range in motion." Tr. 25. The ALJ then stated that the recent notations from CCCHC "indicate that the claimant is being treated for myofascial pain syndrome ..., however, these notations do not provide clinical findings to document such diagnosis. While there is some indication of reduced motor strength in the left hand, previous studies failed to document this finding. Further, MRI of the claimant's left shoulder was normal and the most recent reports from her attending surgeon indicated a good response to surgery and therapy." **Id**. The ALJ concluded that "[t]he recent return to treatment with the Chavez [sic] County Community Health Center appears to be associated more with a desire to receive benefits rather than receive actual treatment for her alleged difficulties." **Id**. The ALJ's observations regarding Dr. Kelley and the CCCHC reports are accurate and supported by substantial evidence. **See** Tr. 117, 125, 133, 141-42. Consequently, the ALJ was entitled to give little weight to those reports. **See Frye v. Bowen**, 816 F.2d 508 (10th Cir. 1987) (citing **Broadbent v. Harris**, 698 F.2d 407, 412-14 (10th Cir. 1983))(findings of a nontreating physician based upon limited contact and examination are of suspect reliability); **Washington v. Shalala**, 37 F.3d 1437 (10th Cir. 1994)(same). I, therefore, find that the ALJ properly considered the reports by Dr. Kelley and the CCCHC staff.

8. The Plaintiff next argues that the ALJ erred by dismissing the Plaintiff's inability to pay for patches used in applying a TNS unit. The ALJ noted that the Plaintiff stated at the administrative hearing that she "does not have money to acquire appropriate medical treatment." Tr. 24-25. The record, however, does not contain any evidence that the Plaintiff sought low-cost patches or was denied access to the patches because of her financial condition. **See Murphy v. Sullivan**, 953 F.2d 383, 386-87 (8th Cir. 1992). Under these circumstances, the Plaintiff has not demonstrated that her financial hardship was severe enough to justify her failure to use the TNS unit. Accordingly, I find that the ALJ did not err by dismissing the Plaintiff's ability to pay for the patches.

9. The Plaintiff further argues that the ALJ erred by disregarding statements in the medical record of constant or chronic pain. Specifically, the Plaintiff contends that the ALJ improperly disregarded the CCCHC finding of myofascial pain and Dr. Clark's conclusion of chronic pain. Tr. 135, 141-42. As already discussed above, the ALJ properly disregarded the CCCHC's finding because it was not supported by any clinical findings. **See** Tr. 25. The ALJ disregarded Dr. Clark's finding of chronic pain by first noting that Dr. Clark provided only a consultative evaluation and second that he "failed to document an orthopedic or neurological impairment which would severely restrict the claimant's residual functional capacity." **Id**. I find that the ALJ's justification for disregarding Dr. Clark's finding of chronic pain is sufficient and supported by substantial evidence. **See** Tr. 135. Consequently, the Plaintiff's argument that the ALJ improperly dismissed statements of the chronic pain is without merit.

10. The Plaintiff also asserts that the ALJ gave undue weight to the Plaintiff's treating physician, Dr. Paullus. Unless good cause is shown to the contrary, the ALJ must give substantial

weight to the testimony of the claimant's treating physician.  **Byron v. Heckler**, 742 F.2d 1232, 1235 (10th Cir. 1984). In discussing Dr. Paullus' treatment of the Plaintiff, the ALJ observed that Dr. Paullus "indicated that the claimant no longer suffered headaches subsequent to her [cervical fusion] surgery but continued to have left shoulder pain which was adequately controlled with a TENS [sic] unit."  Tr. 25.  The ALJ also observed that "[t]he claimant has not returned to Dr. Paullus for therapy but has been treated on a sporadic basis for her overall problems."  **Id**.  The Plaintiff basically asserts that the ALJ should have given Dr. Paullus's statements less weight because they were made in August 1993 and so were "old and stale." Memorandum in Support of Reversal or Remand of Administrative Agency Decision at 2-3, filed April 10, 1998.  **See also** Tr. 117.  The ALJ's decision was made about only two years later.  Tr. 27.  I find that a two year lapse is not enough to make a relevant medical report "old and stale."  Moreover, Dr. Paullus is the only treating physician who has provided a relevant medical report.[1]  These circumstances warranted that the ALJ place much weight on the statements by Dr. Paullus.  Consequently, I cannot find that the ALJ erred by relying on those statements.

      11.  Lastly, the Plaintiff argues that the ALJ did not fairly and fully develop the record with respect to Dr. Hoffman's consultative report and the issue of what side effects, if any, Plaintiff's medications cause.  "Although a claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues."  **Carter v. Chater**, 73 F.3d 1019, 1021 (10th Cir. 1996) (citing **Baca v.**

---

[1]The Plaintiff further asserts in her brief that the ALJ should have given greater weight to statements made by the Plaintiff's other treating physician, Dr. Smith.  The statements the Plaintiff alludes to, however, were made prior to the cervical fusion.  Tr. 100-101.  Those statements, therefore, are not relevant to the alleged disability occurring as a result of the cervical fusion.

**Department of Health & Human Servs**., 5 F.3d 476, 479-80 (10th Cir.1993) (citations omitted)).  Dr. Hoffman found that "[o]verall most of the patient's complaints are subjective. There are no physical findings of any major abnormalities."  Tr. 130.  In his decision, the ALJ did not rely on Dr. Hoffman's findings because of the lack of a documented impairment.  Tr. 25. Since the ALJ did not rely on Dr. Hoffman's findings, I fail to find how expanding the record on those findings would be material to the Plaintiff's case.  Additionally, the Plaintiff fails to specify what medications and what side-effects should be further explored by the ALJ.  **See Pilarczyk v. Sullivan**, 803 F.Supp. 1317, 1324 (N.D.Ill. 1992) (the ALJ's duty to investigate is not activated when the plaintiff does not allege the impairment and does not come forward with some proof of that impairment).  Moreover, the administrative record already contains testimony by the Plaintiff that medications she took after her surgery made her forgetful.  Tr. 156-57.  I, therefore, find that the ALJ was not obligated to develop the record as to Dr. Hoffman or any side-effects caused by medications.

## Recommended Disposition

I recommend denying the Plaintiff's Motion for Reversal of Administrative Decision or, in the Alternative, a Remand of Said Decision and affirming the Commissioner's decision.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections

are filed, no appellate review will be allowed.

 

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE